***********
This matter was reviewed by the Full Commission based upon the record of the proceedings before Deputy Commissioner Baddour, along with the briefs and arguments on appeal. The Full Commission AFFIRMS the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at and following the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. Allied Claims Administration is the carrier on the risk.
3. An employee-employer relationship existed between the parties at all relevant times.
4. The plaintiff suffered a compensable injury by accident arising out of and in the course and scope of employment on June 20, 1998.
 *********** EXHIBITS
The following exhibits were admitted into evidence:
(a) Stipulated Exhibit 1: Pre-Trial Agreement
(b) Stipulated Exhibit 2: Plaintiff's medical records
(c) Stipulated Exhibit 3: Industrial Commission Forms
(d) Plaintiff's Exhibit 1: Medical Note
(e) Defendants' Exhibit 1: Transcript from hearing on October 16, 2000
Judicial notice was taken of the Full Commission Opinion Award filed on August 31, 2001.
 ***********
Based upon all of the competent, credible, and convincing evidence of record, the Full Commission finds the following additional:
 FINDINGS OF FACT
1. Defendant-carrier mailed plaintiff's final indemnity check on or about May 17, 1999. Defendant-carrier filed a Form 28B on or about April 13, 2000, followed by a revised Form 28B that was filed on or about November 16, 2001. Both the first Form 28B and the second Form 28B indicate that the last compensation check was forwarded to plaintiff on May 17, 1999.
2. Defendant-carrier made the final payment for authorized medical expenses on or about January 4, 2001, as indicated on the revised Form 28B.
3. On August 31, 2001, the Full Commission filed an Opinion and Award in this matter that contained the following Conclusion of Law: "Plaintiff refused employment procured for her suitable to her capacity; therefore, plaintiff is not entitled to compensation under the provisions of the North Carolina Workers' Compensation Act until such refusal ceases. N.C. Gen. Stat. § 97-32." The Full Commission's Opinion and Award contained the following Order: "Under the law, plaintiff's claim for workers' compensation benefits must be, and the same is hereby suspended."
4. Plaintiff did not appeal the Full Commission's Opinion and Award filed on August 31, 2001.
5. Following the filing of the Full Commission's Opinion and Award on August 31, 2001, plaintiff never approached the defendant-employer regarding returning to work.
6. Plaintiff failed to show that her unjustified refusal to return to work has ceased.
7. On October 3, 2002, plaintiff filed a Form 33 claiming, "Defendants have refused to pay TTD." Plaintiff argues she is entitled to additional indemnity compensation based upon a change of condition.
8. Plaintiff did not claim any other benefits on the Form 33 filed October 3, 2002. Specifically, plaintiff checked the box indicating a claim for "payment of compensation for days missed" and did not check the box indicating a claim for "payment of medical expenses/treatment."
9. On or about April 24, 2003, plaintiff asserted, for the first time, a claim for payment of past unauthorized medical expenses and a claim for payment of future medical expenses. These claims were raised as issues in the pretrial agreement for the hearing on April 24, 2003 before the undersigned.
10. Plaintiff has never requested a change of treating physician and has not sought approval and payment of unauthorized medical expenses within a reasonable time.
11. Plaintiff failed to make a claim for a change of condition within two years of defendants' last payment of indemnity compensation.
12. Plaintiff failed to file a Form 18M, or otherwise make a claim for additional medical compensation within two years of defendants' last payment of medical or indemnity compensation.
 ***********
The foregoing stipulations and findings of fact engender the following:
 CONCLUSIONS OF LAW
1. The Full Commission's Opinion and Award filed on August 31, 2001 is conclusive and binding. Because plaintiff failed to show that her unjustified refusal to return to work has ceased, plaintiff is not entitled to payment of any additional compensation, including temporary total disability compensation or an impairment rating. N.C. Gen. Stat. §§97-86; 97-2(11).
2. Plaintiff failed to request approval of unauthorized medical expenses within a reasonable time. N.C. Gen. Stat. § 97-25.
3. Plaintiff failed to make a claim for a change of condition within two years of defendants' last payment of indemnity compensation. Accordingly, plaintiff's claim for additional indemnity compensation based upon a change of condition is time barred. N.C. Gen. Stat. § 97-47.
4. Plaintiff failed to file a Form 18M, or otherwise make a claim, for additional medical compensation within two years of the employer's last payment of medical or indemnity compensation. Accordingly, plaintiff's claim for additional medical compensation is time barred. N.C. Gen. Stat. § 97-25.1; NCIC Workers' Compensation Rule 408.
 ***********
In accordance with the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for further compensation and payment of medical expenses under the North Carolina Workers' Compensation Act must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
DISSENTING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER